UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


EUGENE B. JAMES,

              Petitioner,

vs.                                 Case No. 3:10-cv-763-J-37TEM

SECRETARY, DOC, et al.,

              Respondents.

_____

### ORDER

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on August 22, 2010.  He was granted leave to file an amended petition.  Order (Doc. #13).  The Amended Petition for Writ of Habeas Corpus (Amended Petition) (Doc. #14) challenges a 2007 state court (Duval County) conviction for sale, manufacture, deliver or possession of cocaine with the intent to sell, manufacture or deliver cocaine within 1000 feet of a convenience business and for sale of cannabis.  Two grounds for habeas relief are raised, and the Court is mindful of its responsibility to address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992); however, no evidentiary proceedings are required in this Court.

Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. #16)[1] on May 20, 2011, and an Appendix (Doc. #18) on June 7, 2011.[2]   Petitioner filed a Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Doc. #19).  See Order (Doc. #5).  Initially, Respondents did not provide the Court with a copy of the transcript of the plea and sentencing proceeding.  The Court directed Respondents to provide the Court with a copy of the transcript, see Order (Doc. #21); Order (Doc. #23), and they provided the Transcript (Tr.) on December 13, 2012 (Doc. #24).

## STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).  The exceptions are: (1) the state

---

[1] Respondents calculate ground one of the Amended Petition is timely, Response at 3-5, and the Court accepts this calculation. Respondents calculate ground two of the Amended Petition is untimely and contend ground two does not relate back to the original Petition.  Id. at 3-6.  These assertions will be addressed in the body of the opinion.

[2] The Court hereinafter refers to the Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## EXHAUSTION AND PROCEDURAL DEFAULT

There are prerequisites to a federal habeas review. Last year, the Supreme Court of the United States discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747–748, 111 S.Ct. 2546; Sykes, supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ––––, ––––, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ––––, ––––, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

In addition, the Supreme Court, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)).  To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).  In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court: by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." Id. at 32.

Again, procedural defaults may be excused under certain circumstances:  "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted).  In order for Petitioner to establish cause,

- 5 -

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id</u>. at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 132 S.Ct. at 1315.

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

## PROCEDURAL HISTORY

Upon review of the record, the following transpired. Petitioner was charged by information with sale, manufacture,

deliver or possess with intent to sell, manufacture or deliver cocaine within 1000 feet of a convenience business; sale of cannabis; and resisting an officer without violence to his or her person.  Ex. B.  The Arrest Report states the following:

> On 09-26-2007, at 1820, JSO Detectives Mitchell #6530 and Narcisse were posing as drug buyers in the 4900 block of Soutel Dr. They were driving east on Soutel Dr. when the suspect, Mr. James, flagged them down.  He was standing in front of Harry's Food Mart, **a convenience store**.
>
> Upon making contact, Mr. James agreed to sell crack cocaine and marijuana for $40.00 in JSO funds.  Mr. James told the detectives to stay where they were and he would return with the drugs.  After waiting about 7-8 minutes Mr. James returned.  He sold the detectives two bags of marijuana and one crack "rock" for $40.00 in JSO funds.  The prearranged take-down signal was given.  As uniformed officers approached, Mr. James ran across Soutel Dr., ignoring several loud commands to stop.  He ran behind a house and reversed his course three times before being cornered by Officers Medlock and Padilla #7363.  He refused to get down on the ground and tried to run past Ofc. Padilla.  Mr. James threw a small plastic baggie of cocaine on the ground just before Ofc. Padilla deployed [h]is electronic control weapon (taser).  Mr. James fell to the ground but refused to put his hands behind his back. I, Ofc. Medlock, had to force his hands behind his back.
>
> Subsequent to his detention, a small plastic baggie of marijuana was found underneath Mr. James.  The $40.00 in JSO funds were recovered in Mr. James's mouth.  Rescue 7 responded and checked Mr. James for injury.  He was placed under arrest, read his Miranda Rights (by Det. Janes #7917), and transported to the PTDF.

> Post-Miranda, Mr. James would only say that he
> asked Detective Mitchell if she, "Was going to
> bust me," and she said no.

Ex. C, Arrest Report at 1-2 (emphasis added).

Petitioner was represented by Assistant Public Defender Samantha Levine. Ex. C, Plea of Guilty and Negotiated Sentence. Petitioner and his counsel signed a Plea of Guilty and Negotiated Sentence form. Id. In short, the form states that Petitioner is pleading guilty to counts 1 and 2, the sentence will be for nine years in prison as a habitual felony offender, and count 3 will be nol prossed. Id. At the plea proceeding on November 27, 2007, Samantha Levine announced that Petitioner was withdrawing his previously entered plea of not guilty and was entering pleas of guilty to counts one and two, with the understanding that he would be adjudicated guilty, sentenced to nine years in prison as a habitual felony offender, and the state would nol pros count three. Tr. at 3. Petitioner was sworn and confirmed that he was entering pleas of guilty to one count of sale or delivery of cocaine within a thousand feet of a church or convenience store and one count of sale of cannabis. Id. at 5-6. He stated he was entering the pleas with full knowledge and consent. Id. at 6. The court advised Petitioner he would face life in prison as a habitual felony offender and face thirty years in prison if found not to be a habitual felony offender. Id. at 7-8.

Thereafter, the court explained the rights Petitioner would be giving up by pleading guilty, including the right to a trial and

the right to require the state to prove his guilt beyond a reasonable doubt. Id. at 8. After explaining Petitioner's rights, the court inquired: "[h]ave you had enough time to discuss all the facts and circumstances of your case, **including any possible defenses you might have, with Ms. Levine**?" Id. at 11 (emphasis added). Petitioner responded affirmatively. Id. Petitioner said counsel had answered his questions and there were not any witnesses that he wanted counsel to investigate prior to entering the plea. Id. Petitioner said he was fully satisfied with Ms. Levine's representation. Id.

The state provided a brief recitation of the facts:

> This was an undercover buy by –- an operation. The State would prove beyond a reasonable doubt that this Defendant, on September 26th, 2007, in Duval County, Florida, did sell a controlled substance as named in 893.03 paren 2 paren a(4) of Florida Statutes. It was cocaine that was within a thousand feet of a convenience business as defined in 812.171, that convenience being a Harry's Food Store, that that was contrary to 893.13 paren 1 paren e(1) of the Florida Statutes.
>
> With regard to Count Two, the State would prove the same date, September 26th, 2007, in Duval County, Florida, along with the cocaine the Defendant also sold a controlled substance as named in 893.03 paren 1 paren c(7) of the Florida Statutes, that was cannabis or marijuana. This act was contrary to the provisions of 893.13 paren 1 paren a(2) of the Florida Statutes. The money was found in the individual's mouth after he was arrested, and he also admitted to giving the detectives two bags of weed and some soft [sic].

Id. at 11-12.

- 9 -

The court asked the prosecutor: "Harry's Store qualifies as a convenience store under Florida law?" Id. at 12. The prosecutor responded affirmatively. Id. No exceptions or objections were made to the facts recited for purposes of the plea agreement. Id. at 12-13. With that, the court found there was a factual basis for the plea. Id. at 13. Petitioner responded affirmatively that he was pleading guilty to the incident as described by the prosecutor. Id. After this thorough plea colloquy, the court found Petitioner entered his plea freely, intelligently, and voluntarily with a full and complete understanding of the nature of the offense, the maximum sentence, and the consequences of the plea. Id. at 14. Finally, the court accepted the plea. Id.

Judgment was entered and Petitioner was sentenced as a habitual felony offender to concurrent nine-year prison terms on counts one and two. Ex. C, Sentence at 4-6. Petitioner sought a belated appeal, which was denied on the merits on May 1, 2008. Ex. E. He filed a Motion to Correct Sentence, asserting that Harry's Store was not a convenience business and his sentence should not have been enhanced by that fact. Ex. F at 1-8. The motion was denied. Id. at 9. He appealed, id. at 10, and the First District Court of Appeal affirmed per curiam on December 9, 2008. Ex. H. The mandate issued on January 6, 2009. Ex. I.

Next, on October 2, 2008, Petitioner filed a Rule 3.850 motion in the trial court. Ex. J. In his motion, Petitioner claimed his counsel was ineffective for failing to investigate the statutory

rule and the fact that Harry's Food Mart did not meet the statutory definition of a convenience business. Id. at 9.  Petitioner said that in pretrial discussions between himself and counsel, he advised counsel that Harry's Food Mart did not qualify as a convenience business and he wanted her to investigate the matter. Id. at 9-10.  The state responded to the motion and addressed Petitioner's ineffective assistance of counsel claim:

> First, it must be noted the Defendant entered a plea of guilty to Count I and Count II of the Information.  The Defendant signed a plea form entitled "Plea of Guilty and Negotiated Sentence."  (attached).  The Defendant signed his name to this form.  In it, the Defendant agreed that he was advised of "all the possible defenses to each charge." The Defendant also acknowledged by signing this form that he and his attorney "have fully discussed all aspects of the case, including all possible defenses to all charges."
>
> In a similar case, a defendant pled no contest to several charges, including two counts of burglary of a dwelling.  _Moore v. State_, 29 FLW D1730 (Fla. 4th DCA 2004).  In that case, he later appealed a summary denial of his 3.850 motion, arguing that a factual basis for the plea did not exist because the homes were under construction and were not true dwellings.  _Id._ The Court in that case held that the defendant must show prejudice or manifest injustice to be entitled to withdraw his plea after sentencing, and the Court held this issue is properly addressed in a 3.850 motion.  _Id._, citing _Panno v. State_, 517 So.2d 129 (Fla. 4th DCA 1987), _Williams v. State_, 316 So.2d 267 (Fla. 1975), and _Franklin v. State_, 645 So.2d 166 (Fla. 4th DCA 1994).  In _Moore_, the Court held that "the allegations are insufficiently specific to establish that the factual basis recited for the plea does not support the burglary of a dwelling charges."  The _Moore_ Court went on to state,

"While Moore might be prejudiced if he was convicted of the wrong offense under the facts of his case, he fails to adequately explain or allege facts that would meet the manifest injustice standard.

In the case before this Honorable Court, the Defendant here is in an analogous situation. He pled to an offense of Sale of Cocaine Within 1000 Feet of a Convenience Store, yet he alleges the store where he sold cocaine does not meet the statutory definition of a "convenience store." Similar to the Moore case, the Defendant here might be prejudiced if he was convicted of the wrong offense, but he fails to allege facts that would meet the manifest injustice standard. And, under the *Strickland* two prong test noted above, the Defendant cannot show he was prejudiced by his counsel's actions, assuming counsel's actions are deemed deficient. The Defendant was not prejudiced, because his sentence was nine (9) years when he was potentially facing life in prison, due to the fact he pled as a Habitual Offender to a First Degree Felony. Assuming he pled to a simple Sale of Cocaine *without* the enhancement of being within 1000 feet of a convenience store, he would then be facing thirty (30) years in prison as a Habitual Offender when pleading to a Second Degree Felony. Additionally, the Defendant makes no complaint nor allegation regarding Count II, and he received nine (9) years to that charge (Sale of Marijuana). Count II being a legal sentence leads to the conclusion that the Defendant's complaint as to Count I cannot prejudice him, because the sentence in Count II is unchallenged.

. . . .

In the alternative, even if the Defendant's claim has merit, it can be refuted from the record, specifically with the police affidavit itself, which articulates in it that the convenience store is in fact a convenience store. Upon review of the clerk file under this case number, nothing in the record reflects that the convenience business is *not*

> open between the hours of 11:00pm and 5:00am.
> The Court is left with nothing but the
> Defendant's bare assertion that this business
> is not open between the applicable statutory
> hours.  And, the Defendant waived his defense
> that this business was not a statutory
> convenience business when he entered his plea.

Ex. J at 36-38.

The trial court, on May 27, 2009, denied the Rule 3.850 motion, adopting the reasoning set forth in the state's response. Id. at 51.  Rehearing was denied, and Petitioner appealed the denial of his motion.  Id. at 75.  An amended appeal brief was filed.  Ex. K.  The state provided a notice that it would not file an answer brief.  Ex. L.  The First District Court of Appeal affirmed per curiam on April 30, 2010.  Ex. M.  The mandate issued on May 26, 2010.  Ex. N.

A second Rule 3.850 motion was filed with the state circuit court on February 1, 2010.  Ex. O at 1-5.  Petitioner claimed the trial court lacked subject matter jurisdiction because the First District Court of Appeal found the "convenience business" statute ambiguous in Baker v. State, 951 So.2d 78 (Fla. 1st DCA 2007). Specifically, he asserted the information was fundamentally defective and ambiguous and his cocaine conviction was in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Ex. O at 3.  The trial court on July 14, 2010, denied the second Rule 3.850 motion finding it "procedurally barred as untimely, in that it was filed more than two years after

defendant's conviction became final."[3]   Ex. O at 6-7.   Petitioner
moved for rehearing, Ex. O at 8-9, and rehearing was denied.   <u>Id</u>.
at 11.   He appealed, <u>id</u>. at 12, and the First District Court of
Appeal affirmed per curiam on November 8, 2010.   Ex. Q.   The
mandate issued on December 30, 2010.   Ex. P.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One

The first ground of the Amended Petition is: "Petitioner was
denied effective assistance of counsel in violation of the Sixth
and Fourteenth Amendment[s] to the United States Constitution when
his court appointed counsel failed to (A) investigate statutory
requirement of the Florida Statute 812.171, for a possible defense
before (B) advising petitioner to enter a plea of guilty."   Amended
Petition at 4.   In this ground, Petitioner raises a Sixth Amendment
claim asserting he received ineffective assistance of trial counsel
for failure to investigate statutory requirements before advising
Petitioner to plead guilty.[4]

In evaluating the performance prong of the <u>Strickland</u>
ineffectiveness inquiry, the Court recognizes that there is a

_____

[3] Rule 3.850(b) of the Florida Rules of Criminal Procedure
provides that a motion for post-conviction relief must be filed
within two years after the judgment and sentence become final.
<u>Huff v. State</u>, 469 So.2d 1247, 1250 (Fla. 1990).

[4] Although the claim is couched in terms of the Sixth and
Fourteenth Amendments, upon review, Petitioner actually raises a
Sixth Amendment claim of ineffective assistance of trial counsel,
and ground one will be addressed as such.

- 14 -

strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

The trial court concluded that defense counsel was not ineffective for the reasons stated in the state's response to the Rule 3.850 motion. Ex. J at 51. Significantly, the state argued Petitioner failed to show prejudice because he was not convicted of the wrong offense and there was no manifest injustice. Id. at 37. Of import, Petitioner's sentence was only nine years, when he was potentially facing either life in prison as a habitual felony offender to a first degree felony, or he was facing thirty years as a habitual felony offender (if the state could not prove that the store was a convenience business) for a conviction of sale of cocaine, a second degree felony. Id. at 37-38. Moreover, the state pointed out that Petitioner received a sentence of nine years on count two, the sale of marijuana count, and that sentence remained unchallenged. Id. at 38. In the alternative, the state claimed Petitioner's claim was refuted by the record and Petitioner had failed to present anything other than a bare allegation that the store was not a convenience business. Id. Of great import,

- 15 -

the state noted that Petitioner had waived his defense that the business was not a statutory convenience business when he entered his guilty plea.  Id.

Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Even if the state could not prove that the store was a convenience business, Petitioner was still facing a thirty-year sentence as a habitual felony offender for sale of cocaine.  He has not suggested any meaningful defense to this charge.  Additionally, he was facing the charge for sale of cannabis as a habitual felony offender, and he has offered no meaningful defense to that charge as well.

Petitioner admits that pre-plea, he and his defense counsel discussed whether Harry's Food Mart met the statutory definition of a convenience business.  Ex. J at 9-10.  At the plea proceeding, Petitioner told the court that he had had enough time to discuss with counsel all of the possible defenses he might have to the charges.  He also responded affirmatively that counsel had answered his questions and there were not any witnesses he wanted counsel to investigate prior to entering his plea.  Indeed, Petitioner stated he was fully satisfied with counsel's representation.  When the state provided its factual basis for the plea, no objections or exceptions were made.

Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was still facing substantial time as a

- 16 -

habitual felony offender.   Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground one of the Petition, the claim of ineffective assistance of trial counsel for failure to investigate a possible defense before advising Petitioner to plead guilty.[5]   Deference, under AEDPA, should be given to the state court's decision.   Petitioner raised the issue in his first Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed on April 30, 2010.  Ex. M.  The mandate issued on May 26, 2010.   Ex. N.   The state courts' adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

In the alternative, although the Respondents did not directly raise the matter, the applicability of the concurrent sentence doctrine should be addressed.[6]   Petitioner is serving concurrent

---

[5] Petitioner waived any claims regarding the merits of his defense or prosecution when he entered his plea.

[6] The state indirectly raised this issue in its response to Petitioner's Rule 3.850 motion by urging the trial court to find that since the conviction on count two resulted in a legal

habitual felony offender sentences for sale of cocaine within 1000 feet of a convenience business and for sale of cannabis (counts one and two).  See Response at 1.  "As a general rule, the concurrent sentence doctrine establishes that the existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been given, provided there are no adverse collateral consequences to a defendant as a result of the concurrent sentence."  United States v. Hudacek, 24 F.3d 143, 145 n.1 (11th Cir. 1994) (citing United States v. Caldwell, 776 F.2d 989, 1006 n.21 (11th Cir. 1985)).  It is clear that the doctrine "is not a jurisdictional bar to review, but a tool of judicial convenience, exercised at the court's discretion."  United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir. 1985) (per curiam), cert. denied, 476 U.S. 1160 (1986).

The criminal conviction for sale of cocaine within 1000 feet of a convenience business (count one) and the nine-year sentence as a habitual felony offender, and any other collateral consequences related thereto, are wholly subsumed by those conferred by the sale of cannabis conviction (count two) and the nine-year sentence as a habitual felony offender.  See Ayers v. Doth, 58 F.Supp.2d 1028, 1033 (D. Minn. 1999).  Moreover, there is no special monetary assessment as to each count of the information involved in this

---

sentence, Petitioner's complaint as to count one presented no prejudice because the sentence for count two remained unchallenged. Ex. J at 38.  The trial court adopted the reasoning of the state's response in its ruling.  Id. at 51.

case; therefore, there is no requirement that the conviction for sale of cocaine within 1000 feet of a convenience business (count one) be reviewed to address possible collateral consequences due to such a special assessment.[7] See Ray v. United States, 481 U.S. 736, 737 (1987) (per curiam); United States v. Witek, 61 F.3d 819, 825 n.8 (11th Cir. 1995), cert. denied, 516 U.S. 1060 (1996). Upon review, the Court, in its discretion, will apply the concurrent sentence doctrine as a tool of judicial convenience, and decline to address any challenge to the sale of cocaine within 1000 feet of a convenience business (count one) conviction.

This Court need not consider the validity of the conviction for sale of cocaine within 1000 feet of a convenience business (count one). It is clear that Petitioner's release date would not be affected by this additional conviction. There is nothing in the record which suggests that any other adverse collateral consequences, such as eligibility for parole, will be suffered as a result of the Court's decision to apply the concurrent sentence doctrine and decline to address a challenge to sale of cocaine within 1000 feet of a convenience business (count one) on the merits. See United States v. Bradley, 644 F.3d 1213, 1293 (11th Cir. 2011) (recognizing that only when the defendant would suffer actual adverse collateral consequences from an unreviewed

---

[7] The Court notes that, with regard to the habitual offender sentences on counts one and two, there were assessments of $438.00 for felony court costs and, $750.00 for the Public Defender Fees. Ex. C, Plea of Guilty and Negotiated Sentence; Tr. at 3.

conviction does the doctrine of concurrent sentence not apply), cert. denied, 132 S.Ct. 2375 (2012).  Thus, applying the concurrent sentence doctrine, the Court will decline to review the matter.

### Ground Two

Ground two of the Amended Petition is:  "Petitioner's conviction and sentence violates the 5th and 14th Amendment[s] to the United States Constitution and Article 1 Section 9 of the Florida Constitution when the State Court lacked subject matter jurisdiction to have imposed a harsher sentence when in fact the statute for which the petitioner was convicted for having violated had been ruled to be **"Ambiguous"** in nature, thus [sic] prejudiced petitioner before the Court of Florida."  Amended Petition at 7. In this ground, Petitioner raises a due process claim, asserting that the court lacked subject matter jurisdiction to have convicted him of sale of cocaine within 1000 feet of a convenience business because the statute at issue had been found to be ambiguous by the First District Court of Appeal.  Upon review, in Baker, 951 So.2d at 80, although the court found the language ambiguous, the court adopted the construction most favorable to the accused, finding that the store "must be operating at any time during the proscribed hours [between 11:00 p.m. and 5:00 a.m.] on at least some semi-regular basis and not just 'sometimes.'"  Baker was convicted after a jury trial, and the First District Court of Appeal found that the business did not meet the statutory definition of a convenience business, employing a degree of common sense and the Rule of

- 20 -

Lenity.  Id. at 78-79.  The court, however, did not find the statute to be unconstitutionally vague;[8] instead it found that the evidence presented at trial failed to meet any reasonable interpretation of the statutory requirements.  Id. at 80.

James, on the other hand, pled guilty to the offense of sale, manufacture, deliver or possession of cocaine with intent to sell, manufacture or deliver cocaine within 1000 feet of a convenience business.  During the plea proceeding, the state provided a factual basis for the plea and stated that Harry's Store constituted a convenience business as required by the statute.  Petitioner did not challenge the factual basis for the plea.  Indeed, he accepted the benefit of the plea bargain.

Respondents contend that ground two is time barred under AEDPA.  Response at 4-6.  Respondents state that ground two was untimely raised in the Amended Petition, and they argue that ground two does not relate back to the original Petition.  Id.  Since this Court granted Petitioner's Motion for Leave to Amend, allowing Petitioner to file the Amended Petition, the Court will assume for the purposes of this opinion that ground two relates back to the original Petition.  See Order (Doc. #13).

---

[8]  Florida courts have found that the statute is not unconstitutionally vague or ambiguous when challenged as such.  See Royal v. State, 784 So.2d 1210, 1212 (Fla. 5th DCA 2001), review denied, 819 So.2d 138 (2002); Dickerson v. State, 783 So.2d 1144, 1148 (Fla. 5th DCA 2001), review denied, 819 So.2d 134 (Fla. 2002).

Alternatively, Respondents contend that ground two was not presented in the state courts as a federal constitutional claim. Response at 8-9.   The Court rejects this contention since Petitioner specifically urged the trial court to find that his conviction was in violation of the Fifth and Fourteenth Amendments of the United States Constitution in ground two of the second Rule 3.850 motion.  Ex. O at 3.

Also in the alternative, Respondents urge this Court to find that ground two is procedurally barred as it is unexhausted and procedurally defaulted: "[t]he trial court ruled the claim was untimely and did not meet any exception to the two year time period." Response at 25.  Upon review, ground two was raised in a second Rule 3.850 motion in the state trial court.  The trial court denied the motion finding it procedurally barred as untimely. Petitioner appealed, and the appellate court affirmed the decision of the trial court.  Therefore, ground two was not properly raised in the state court system, was not properly exhausted, and is procedurally defaulted.  Petitioner has failed to show cause and prejudice for his procedural default.  In reviewing the record and Petitioner's contention, the Court finds that this is not one of the rarest of cases and the fundamental miscarriage of justice exception to procedural default does not apply under these circumstances.

Finally and in the alternative, ground two has no merit. Petitioner pled guilty to an information charging an offense of

sale, manufacture, deliver or possession of cocaine with intent to sell, manufacture or deliver cocaine within 1000 feet of a convenience business.  Ex. B.  The information states a crime.  <u>Id</u>.  The charging document sets forth the elements of the offense, and the assistant state attorney provided the appropriate certification in the information.  <u>Id</u>.  In sum, the trial court was not deprived of jurisdiction:

> Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). More specifically, federal habeas relief may only be granted on a state charging document where that indictment was so defective as to deprive the trial court of jurisdiction. <u>DeBenedictis v. Wainwright</u>, 674 F.2d 841, 842-43 (11 Cir. 1982), citing, <u>Branch v. Estelle</u>, 631 F.2d 1229, 1233 (5 Cir. 1980). A charging document that sets forth the elements of the offense in language clear enough to enable the defendant to plead a bar in jeopardy does not raise a jurisdictional defect. <u>Alexander v. McCotter</u>, 775 F.2d 595, 599 (5 Cir. 1985). Such was the case here.

<u>Bromell v. McNeil</u>, No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. Oct. 10, 2008) (not reported in F.Supp.2d).

As noted previously, the statute at issue was not held to be unconstitutionally vague.  In <u>Baker</u>, the First District Court of Appeal found that the evidence presented at Baker's trial failed to meet any reasonable interpretation of the statutory requirements. Here, Petitioner pled guilty to the offense as charged and he

should not be permitted to go behind his plea.  Thus, Petitioner is not entitled to relief on ground two.

## CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted.  <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>See</u> <u>Slack</u>, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition for Writ of Habeas Corpus (Doc. #14) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Amended Petition, **the Court denies a certificate of appealability.**  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2013.


ROY B. DALTON, JR.
United States District Judge

- 25 -

```
sa 3/18
c:
Eugene B. James (Gainesville Work Camp & Baker CI)
Counsel of Record
```